**James M. WEATHERHOLT, Sr., Appellant–Plaintiff,**

v.

**SPENCER COUNTY, Indiana and State of Indiana, Appellees–Defendants.**

No. 62A01–9311–CV–368.

Court of Appeals of Indiana, First District.

Aug. 30, 1994.

Rehearing Denied Oct. 28, 1994.

John Burley Scales, Scales, Wissner, and Krantz, Boonville, for appellant.

Edward J. Liptak, Diana C. Bauer, Miller Carson Boxberger & Murphy, Bloomington, for appellees.

## STATEMENT OF THE CASE

NAJAM, Judge.

In this case we consider the extent to which an Indiana county, acting through its commissioners, owes a duty of care to an inmate injured while incarcerated in the county jail. James M. Weatherholt, Sr. appeals from the entry of summary judgment in favor of Spencer County in Weatherholt's negligence action. Weatherholt, an inmate with a preexisting back condition, asked Spencer County jail personnel to make a bottom bunk available to him after his cellmates refused him one. Weatherholt was denied his request, and he was then injured when he fell while attempting to climb into a top bunk in his cell. The trial court found that Spencer County did not owe Weatherholt a duty of care under the circumstances and entered judgment for the County.

We affirm.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing the grant of a motion for summary judgment, we conduct the same inquiry as the trial court. *Terre Haute First Nat. Bank v. Pacific Employers Ins. Co.* (1993), Ind.App., 634 N.E.2d 1336, 1337. We consider only the evidentiary matter properly designated to the trial court and determine whether a genuine issue of material fact remains for resolution by the trier of fact which precludes summary judgment. *Id.; see* Ind.Trial Rule 56(C). All facts and inferences from the designated evidentiary material must be liberally construed in favor of the non-moving party. *Terre Haute First Nat.*, 634 N.E.2d at 1337. Where, as here, the issue is whether the defendant owes the plaintiff a duty of care as a matter of law, disposition by summary judgment is appropriate. *Brewster v. Rankins* (1992), Ind. App., 600 N.E.2d 154, 156.

### Duty of Care

The parties dispute whether it is the County or the Sheriff which owes Weatherholt, an inmate of the county jail, a duty of care. As Weatherholt correctly notes, a duty of care may arise pursuant to statute. *See Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, 329, *trans. denied.* The statutory duties of a county and a sheriff, respectively, are set forth as follows:

> The executive shall establish and maintain a ... county jail....
>
>     *     *     *     *     *     *
>
> The sheriff shall ... take care of the county jail and the prisoners there.

IND.CODE § 36-2-2-24 and IND.CODE § 36-2-13-5(a)(7). Weatherholt contends that according to the plain and ordinary meaning of "maintain," the County was responsible for the condition of the Spencer County Jail, which includes providing him with a "safe place of incarceration." Brief of Appellant at 15.

To support his contention, Weatherholt directs us to other statutes which require that the Department of Correction adopt minimum standards governing the general physical and environmental conditions of county

jails and procedures which ensure the health and safety of inmates. *See* IND.CODE § 11–12–4–1(a)(1), (3). If, upon inspection, the Department determines that a jail is not in compliance with these standards, notice is given to both the county commissioners and the sheriff. IND.CODE § 11–12–4–2(a). Thus, these statutes suggest that both the county and the sheriff have responsibility for ensuring safe conditions in a county jail.

However, by describing his claim generally in terms of jail safety, Weatherholt confuses the basic division of responsibilities between a county and a sheriff. Weatherholt's argument misinterprets the term "maintain" in Indiana Code § 36–2–2–24. The language of the predecessor statute to Indiana Code § 36–2–2–24 demonstrates that the legislature intended "maintain" to be synonymous with "kept in repair." The former version of this statute provided:

> Such commissioners shall cause a courthouse, jail, and public offices for the clerk, recorder, treasurer, and auditor, to be erected and furnished . . . and shall keep all the public buildings of the county in repair. . . .

IND.CODE § 17–1–14–14 (repealed and recodified, 1981). Thus, under the former version a county's duties with respect to county buildings, including the jail, applied only to repair of those buildings.

Contrary to Weatherholt's assertion, the language of the prior version of Indiana Code § 36–2–2–24 is not "decidedly different," but provides guidance in this case. Reply Brief at 3. The legislative intent of Title 36 was to "codify, revise, or rearrange applicable or corresponding provisions in prior statutes." IND.CODE § 36–1–1–1. Title 36 expressly provides that citation to a prior version of a statute now appearing in Title 36 is appropriate if the prior statute was reenacted in the same form or in a restated form. *See id.*

The current and former versions of this statute are substantially the same. In the former version, a county was responsible for causing a jail to be erected, furnished, and kept in repair. In the current version, a county is required to establish and maintain the jail. To "keep in repair" and to "maintain" are synonymous. *See American Heritage Dictionary* 787 (1981); *Roget's College Thesaurus* 295 (rev. ed. 1978). The purpose of this statute has remained unchanged: to place a duty upon a county to provide and then maintain a jail.

■ We hold that when an inmate in a county jail is injured as a result of the manner in which the jail is administered and not by any defect in the jail facility, the county does not owe him a duty of care. Indiana Code § 36–2–2–24 does not impose a duty upon a county to administer its jail. A county's duty to maintain its jail is a duty to keep the jail open for use and in good repair. An inmate's request for particular accommodations is not within the statutory authority nor the responsibility of a county. Rather, it is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates.[1] *See Johnson v. Bender* (1977), 174 Ind.App. 638, 642, 369 N.E.2d 936, 939, *trans. denied.* Once the county establishes and then reasonably maintains the jail, it is not responsible for administering the manner of an inmate's incarceration.

Here, the County moved for summary judgment because, under Indiana Code § 36–2–2–24, it did not owe Weatherholt a duty of care. In opposition, Weatherholt designated the pleadings and his own affidavit. Weatherholt averred in his affidavit that the Spencer County jail staff was advised he had a "medical condition" which resulted from a fall several years ago. Record at 55. He stated that after his fellow inmates refused to offer him a bottom bunk, none of the jail personnel

---

1. According to Weatherholt, if we construe Indiana Code § 36–2–2–24 and Indiana Code § 36–2–13–5(a)(7) together in order to harmonize their meanings, both statutes impose a duty to protect the safety of inmates. Again, we do not agree. A specific provision prevails over a general provision relating to the same subject matter. *Houtchens v. Lane* (1965), 246 Ind. 540, 546, 206 N.E.2d 131, 134. Indiana Code 36–2–13–5(a)(7) imposes upon the sheriff a duty to "take care of the prisoners" in the jail, while Indiana Code § 36–2–2–24 merely imposes a duty upon the county to "maintain" the jail. Indiana Code § 36–2–13–5(a)(7) is more specific with respect to an inmate's safety, and it controls for purposes of our analysis.

ordered the other inmates to make a bottom bunk available to him. Weatherholt was then reinjured when he attempted to climb into a top bunk and fell to the floor.

We conclude that Weatherholt's claim actually concerns the manner in which the county jail was administered, a matter which we have determined falls solely within the province of the sheriff. Weatherholt does not argue that the County failed to comply with any duty it might have to implement standards for general physical and environmental conditions in the jail. *See* IND. CODE § 11–12–4–1(a)(1); IND.AD-MIN.CODE tit. 210, r. 3–1–1 *et seq.* Rather, the designated evidence makes it clear that the factual basis for his claim is the alleged failure of jail personnel to accommodate his request for a lower bunk. Weatherholt has failed to establish that the County owed him a duty of care under these circumstances.

### Summary Judgment

■ Weatherholt alleged in his complaint that the Spencer County jail was "not a safe place of incarceration" and, based solely upon his complaint, he insists that this allegation has two possible meanings: "one, the jail facility itself was unsafe or, two, the manner in which the Sheriff administered the facility was unsafe." Reply Brief at 2. Weatherholt reasons that since the first interpretation would establish that the County owed him a duty, we must accept the interpretation which precludes summary judgment and reverse. We disagree.

Weatherholt's position would be more tenable if this were an appeal from the grant of a motion to dismiss pursuant to Trial Rule 12(B)(6). A Trial Rule 12(B)(6) motion tests the legal sufficiency of the complaint. *South Eastern Indiana Natural Gas Co. v. Ingram* (1993), Ind.App., 617 N.E.2d 943, 946, *trans. denied.* At the summary judgment stage, however, the nonmoving party may not merely rest upon his pleadings but must designate evidence sufficient to preclude summary judgment. *Otto v. Park Garden Associates* (1993), Ind.App., 612 N.E.2d 135, 138, *trans. denied.*

Weatherholt's own affidavit does not support an inference that the jail facility itself was unsafe or was in disrepair. Instead, it may only be inferred from the designated evidence that jail personnel failed to administer the jail with due care by not granting his request for a bottom bunk. Summary judgment can be avoided only when the reasonable inferences from the evidence establish a genuine issue of fact for trial. *See Miller v. Monsanto Co.* (1993), Ind.App., 626 N.E.2d 538, 541. An issue of jail maintenance, and a corresponding duty on the part of the County, cannot reasonably be inferred from Weatherholt's designated evidence.

Accordingly, even accepting the facts most favorable to Weatherholt as true, Weatherholt may not recover in negligence from the County because on these facts the County did not owe him a duty of care. In the absence of a duty, the County was entitled to summary judgment as a matter of law. *See Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. We find no error in the entry of summary judgment for the County.[2]

Affirmed.

BAKER and HOFFMAN, JJ., concur.

---

**2.** Weatherholt also purports to raise as an issue whether the County was a proper party in this action pursuant to Trial Rule 19(F)(1). Trial Rule 19(F)(1) states that suits against a representative of a governmental organization in his official capacity shall be brought in the name of the governmental organization. However, the sher-iff is not a representative of the county but he holds a separate office created by the Indiana Constitution. *See* Ind. Const. Art. 6, § 2; *Carver v. Crawford* (1990), Ind.App., 564 N.E.2d 330, 334. The County is not a proper party to this suit.