**Vance MOORE, Plaintiff,**

v.

**Joseph SPEYBROECK, Michael P. Barnes, Christopher Toth, and Rick Seniff, Defendants.**

**No. 3:99–CV–0536 AS.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 12, 1999.

---

12. Allen's time sheet did indicate that he only took a half hour for lunch.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

■ Vance Moore, a prisoner confined at the St. Joseph County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging the violation of his federally protected rights. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

■ A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652

(1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994); *cert. denied*, 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir.1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir.1994).

Mr. Moore alleges that former St. Joseph County Sheriff Joseph Speybroeck and his successor Rick Seniff violated his federally protected rights while he has been confined at the St. Joseph County Jail by imposing conditions of confinement that did not meet constitutional minimums and that he has been denied "the rights to obtain credit class I." Mr. Moore also alleges that the defendants conspired to confine him in constitutionally impermissible conditions and to use him "as an example to all men whome [sic] are charged with non-support of their children." Mr. Moore seeks damages and release from confinement.

 Mr. Moore alleges that conditions at the jail violate the Eighth and Fourteenth Amendments to the United States Constitution. Mr. Moore does not state whether he is at the jail as a pre-trial detainee or serving time on a conviction when this incident occurred. The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D.Ind.1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Robinson v. Moses*, 644 F.Supp. at 980, but the standard under the Due Process Clause for pre-trial detainees "is the same standard that applies to prisoners bringing claims under the eighth amendment." *Id.* at 981, *citing Hamm v. DeKalb Co.*, 774 F.2d 1567, 1573 (11th Cir.1985).

The Seventh Circuit has emphasized that "Fed.R.Civ.P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. 2229; *see also Foust v. Indiana*, 175 F.3d 1019 (7th Cir.1999) (dismissal of case at pleadings stage reversed in part, based on notice pleading standards and broad reading of pro se complaints). Giving Mr. Moore the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that, he can prove no set of set of facts consistent with his conditions of confinement claim.

 Mr. Moore also alleges the defendants' actions violated the Fourteenth Amendment's equal protection clause. The guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity, *Harris v. McRae*, 448 U.S. 297, 322, 100 S.Ct. 2671 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir.1982), but does not extend to erroneous, or even arbitrary, administration of state powers. Equal protection "does not require absolute equality or precisely equal advantages." *French v. Heyne*, 547 F.2d 994, 997 (7th Cir.1976). The protection provided by the equal protection clause is limited to instances of "invidious discrimination" of an aggrieved class, *Shango v. Jurich*, 681 F.2d at 1104, and an equal protection claim therefore must be based on intentional discrimination against

a person because of his membership in a particular class. *Washington v. Davis,* 426 U.S. 229, 247–248, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Smith v. Town of Eaton,* 910 F.2d 1469, 1472 (7th Cir.1990). The constitution is not violated where a person simply is treated unfairly as an individual. *Trautvetter v. Quick,* 916 F.2d 1140, 1149 (7th Cir.1990) (*citing Huebschen v. Dep't of Health and Social Servs.,* 716 F.2d 1167, 1171 (7th Cir.1983)). A plaintiff must allege specific facts substantiating his belief that he was singled out as a member of a group at least in part for the purpose of causing an adverse effect on the group. *New Burnham Prairie Homes v. Burnham,* 910 F.2d 1474, 1481 (7th Cir.1990); *Shango v. Jurich,* 681 F.2d at 1104.

■ Mr. Moore alleges that Prosecutors Barnes and Toth conspired with Sheriffs Speybroeck and Seniff to impose conditions of confinement at the St. Joseph County Jail that violate his federally protected rights. Prosecutors Barnes and Toth bear no responsibility for conditions at the jail. Under Indiana law, the county jail is under the supervision of the county sheriff, who is responsible for the care of the prisoners confined there. IND. CODE § 36–2–13–5(a)(7). The responsibility of administering and operating the jail is placed solely on the county sheriff, *Weatherholt v. Spencer County,* 639 N.E.2d 354, 356–57 (Ind.App.1994), and he is the official responsible for formulating and enforcing jail policies.

■ To the extent that Mr. Moore alleges that the defendants conspired against him to prosecute him, his claims are insufficient to survive dismissal at the pleadings stage. "At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law, and mere conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss." *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir.1998). Moreover, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431, 96 S.Ct. 984; *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Cleavinger v. Saxner,* 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on ·the basis of false testimony or evidence." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986).

■ Finally, Mr. Moore alleges that he has improperly been denied placement in a credit classification that would speed his release from custody. In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994), *citing Preiser v. Rodriguez,* 411 U.S. at 488–490, 93 S.Ct. 1827. The loss of good time credits or denial of the ability to earn good time credits in the future has the effect of increasing the duration of a prisoner's confinement. Habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification, *Harris v. Duckworth,* 909 F.2d 1057, 1058 (7th Cir.1990), and the broad language of *Preiser v. Rodriguez* appears to apply as well to the denial of prospective good time credits or to the deprivation

of good time credits a prisoner has already earned.

 Under *Preiser v. Rodriguez,* a habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. The court may not convert a § 1983 action into a habeas corpus action. *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir.1996); *Moore v. Pemberton,* 110 F.3d 22 (7th Cir.1997). If Mr. Moore is able to prevail in a habeas action and achieve restoration of his good time credits, he may bring a § 1983 action seeking damages for any harm resulting from the violation of his due process rights and the denial of good time credits. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Speybroeck and Seniff on his claim under either the Eighth Amendment or the Fourteenth Amendment's due process clause that conditions of confinement and the lack of medical attention at the St. Joseph County Jail violated his federally protected rights;

(2) DENIES the plaintiff leave to proceed against defendants Barnes and Toth, DENIES the plaintiff leave to proceed on his conspiracy claims, on his Fourteenth Amendment equal protection claim, and on his request to be released from custody, and DISMISSES those defendants and claims from this case;

(3) Finds that the plaintiff has a reasonable opportunity to prevail on the merits and, pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Speybroeck and Seniff respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Speybroeck and Seniff on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on those defendants along with the summons and complaint.

IT IS SO ORDERED.