**John Neil DONAHUE, Appellant–Plaintiff,**

v.

**ST. JOSEPH COUNTY, by the BOARD OF COMMISSIONERS OF ST. JOSEPH COUNTY, Indiana, Appellee–Defendant.**

No. 50A03–9905–CV–203.

Court of Appeals of Indiana.

Dec. 21, 1999.

Frank C. Capozza, Indianapolis, Indiana, William L. Wilson, Hahn, Walz & Knepp, South Bend, Indiana, Attorney for Appellant.

A. Howard Williams, Lynn M. Butcher, South Bend, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

John Neil Donahue appeals from the dismissal of his action against St. Joseph County. He presents several issues for our review which we consolidate and restate as whether Donahue failed to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6). We affirm.

### FACTS AND PROCEDURAL HISTORY

On November 13, 1993, Donahue, a resident of Massachusetts, attended a Notre Dame football game in South Bend. Following the game, he was arrested at the Linebacker Lounge and charged with public intoxication. He was transported to the St. Joseph County jail and placed in the custody of the St. Joseph County Police Department.

During the booking process, Donahue became argumentative and belligerent toward the officers processing his arrest. Two officers attempted to subdue him and threw him to the ground. As a result, Donahue alleges that he sustained a fractured jaw and lacerations to his face and head.

When Donahue returned home, he contacted a Massachusetts lawyer. On December 27, 1993, the lawyer sent a certified letter to Chief Ronald Marcinak of the South Bend Police Department and Sheriff

Joseph Nagy of the St. Joseph County Police Department. That letter stated:

Chief Ronald G. Marcinak
South Bend Police Department
701 W. Sample Street
South Bend, IN 46225

Sheriff Joseph Nagy
St. Joseph County Police Department
129 South Main Street
South Bend, IN 46601

RE: John Neil Donahue

Gentlemen:

I have been consulted and retained by John Neil Donahue of 69 West Forest Street, Lowell, Massachusetts concerning the circumstances surrounding serious head and face injuries he sustained while in custody at the local police station in South Bend, Indiana on November 13, 1993.

Mr. Donahue was in South Bend, Indiana to see the Florida State/Notre Dame football game. He is a highly respected financial advisor in the Greater Boston area.

As I understand, he was arrested outside of the Linebacker Lounge in South Bend, Indiana on a purported charge of public intoxication. He was arrested, handcuffed and brought to a local police station in South Bend where his handcuffs were removed.

While he was interrogated by three male police officers, his head was smashed against a desk or counter and/or struck with a club. He thereafter was taken to Memorial Hospital in South Bend, Indiana where he was seen in the Emergency Room. He sustained serious lacerations which required approximately five stitches below his lip and another eight stitches under his chin. He was returned to custody and brought back to the police station. He was released the next day on bail.

When he returned to Massachusetts he was treated by Dr. Joel Wein of Tewksbury who determined that his jaw was fractured in three places and that he suffered from a concussion, and short term memory loss. The full extent and permanency of his head and facial injuries are presently being evaluated.

Would you be kind enough to provide me with the following items: any and all documents of any kind or type concerning the arrest and processing of John Neil Donahue and the injuries he sustained while in the custody of the South Bend Police Department and/or the St. Joseph County Police Department, including but not limited to, the arrest reports, any and all reports prepared by the police officers who interrogated Mr. Donahue at the time of his arrest as well as any and all reports of the police officers who transported Mr. Donahue to Memorial Hospital, the videotape of the incident in which Mr. Donahue was injured (note I understand that the entire interrogation procedure during which Mr. Donahue was injured was videotaped), any and all accident reports concerning the circumstances of Mr. Donahue's head and face injuries, etc.

If there is a charge for these documents or the videotape, kindly advise me so that I may forward you a check for same.

Very truly yours,

S/S

Joseph D. Regan

Record at 107–08.[1]

In 1995, Neil filed a federal lawsuit against the police officers and the St. Joseph County Police Department. He filed an excessive force claim pursuant to 42 U.S.C. Section 1983 and a supplemental state law battery claim. In February of 1998, the United States District Court entered summary judgment for the defen-

---

1. The parties devote considerable attention to whether Regan's letter satisfies the notice requirement of the Indiana Tort Claims Act. *See* IND CODE §§ 34–13–3–8, 34–13–3–10. However, even assuming the letter gave adequate notice, we affirm the trial court's dismissal on other grounds.

dant on the Section 1983 claim and relinquished jurisdiction over the pendant state law claim.

On March 13, 1998, Donahue filed a state law claim against the St. Joseph County Police Department ("Police Department") and two of its officers. The Police Department filed a motion to dismiss, pursuant to Trial Rule 12(B)(6), which stated in pertinent part

1. That Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. That this court lacks subject matter jurisdiction and personal jurisdiction over the party named therein.

3. That this court lacks subject matter jurisdiction over the plaintiff's amended complaint for damages and any other matters set forth therein for the reason that any claim or action is barred as a matter of law as to the named defendant pursuant to the "Indiana Tort Claims Act," I.C. 34–4–16.5–1 et seq.

Record at 50.

The trial court held a hearing on the Police Department's motion to dismiss. During the hearing, the parties agreed to amend the caption of Donahue's complaint to designate and substitute "St. Joseph County, by the Board of Commissioners of St. Joseph County, Indiana" as the named defendant. The parties filed a written stipulation of their agreement. The trial court took the motion under advisement and subsequently dismissed Donahue's amended complaint. Donahue now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief can be granted, unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief.[2] *McQueen v. Fayette County Sch. Corp.,* 711 N.E.2d 62, 65 (Ind.Ct.App.1999), *trans. denied.* In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the non-moving party and with every intendment in his favor. *Id.* The court may only look to the complaint, and well-pleaded material must be taken as admitted. *Id.*

■ Under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. *Id.* The plaintiff is required to provide a "clear and concise statement that will put the defendants on 'notice' as to what has taken place and the theory that the plaintiffs plan to pursue in their attempt for recovery." *Impink v. City of Indianapolis, Bd. of Pub. Works,* 612 N.E.2d 1125, 1127 (Ind.Ct.App.1993) (quoting *Lincoln Nat'l Bank v. Mundinger,* 528 N.E.2d 829, 835–36 (Ind.App.1988)). A complaint is sufficient if it states any set of allegations, no matter how inartfully pleaded, upon which the trial court could have granted relief. *Runde v. Vigus Realty, Inc.,* 617 N.E.2d 572, 575 (Ind.Ct.App. 1993).

■ On review, this court views motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Hill v. Beghin,* 644 N.E.2d 893, 895 (Ind.Ct.App.1994), *trans.*

---

2. There is a dispute between the parties as to whether the trial court considered the defendant's motion as a motion to dismiss under Trial Rule 12(B)(6) or as a motion for summary judgment under Trial Rule 56(C). Here, Donahue attached a copy of the letter from his Massachusetts counsel to the South Bend and St. Joseph County police agencies to his complaint. He contends that if matters outside the pleadings are presented to and not excluded by the court, a Trial Rule 12(B)(6) motion must be treated as one for summary judgment and disposed of as provided by Trial Rule 56. We conclude that even if the trial court considered the letter from Donahue's counsel in addition to his complaint, Donahue has failed to allege any facts establishing that St. Joseph County owed him a duty of care under these circumstances. Resolution of this dispute does not affect our ·decision. Thus, we need not address this issue.

*denied.* A dismissal is improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Obremski v. Henderson,* 497 N.E.2d 909, 910 (Ind.1986). We will affirm the trial court's grant of a motion to dismiss when a complaint states a set of facts which, even if true, would not support the relief requested in that complaint. *Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1301 (Ind.Ct.App.1997), *trans. denied.* Further, we will affirm a successful motion to dismiss if it is sustainable on any theory or basis found in the record. *Id.*

### Substitution of St. Joseph County as Named Defendant

■ Initially, Donahue filed an action for damages against the Police Department and two of its officers. In his complaint, he alleged that the officers were liable to him for battery and that the Police Department was liable for the officers' actions under a theory of respondeat superior. However, as we have already noted, the parties later filed a written stipulation to substitute St. Joseph County ("County"), by the St. Joseph County Board of Commissioners, as the named defendant. The stipulation was based on the assumptions that Donahue had sued the wrong party, that the Police Department is an agency of the County and that the County was responsible for any injuries Donahue allegedly incurred as a result of the tortious conduct of its employees. We disagree.

In *Weatherholt v. Spencer County,* 639 N.E.2d 354 (Ind.Ct.App.1994), we held that when an inmate in a county jail is injured as a result of the manner in which the jail is administered and not by any defect in the jail facility, the county does not owe him a duty of care. *Id.* at 356. In that case, an inmate with a preexisting back condition asked Spencer County jail personnel to make a bottom bunk available to him because his cell-mates refused to give him one. After his request was denied,

the inmate was injured when he fell while attempting to climb into a top bunk in his cell. The inmate brought a negligence action against the county. However, the trial court held that Spencer County did not owe the inmate a duty of care under those circumstances. *Id.* at 355.

In affirming the entry of summary judgment, we determined that the statutory duties of a county and a sheriff, respectively, are set forth as follows: "The executive shall establish and maintain a ... county jail...." IND.CODE § 36-2-2-24. "The sheriff shall ... take care of the county jail and the prisoners there." IND.CODE § 36-2-13-5(a)(7). We concluded that a county's duty to "maintain" its jail is a duty to keep the jail open for use and in good repair. *Weatherholt,* 639 N.E.2d at 356. The statute does not impose a duty upon a county to administer its jail. Rather, it is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates. *Id.* Thus, we held that once the county establishes and then reasonably maintains the jail, it is not responsible for administering the manner of an inmate's incarceration. *Id.*

Applying *Weatherholt* to the case before us, we conclude the trial court correctly found that Donahue had failed to state a claim upon which relief can be granted. In his complaint, Donahue alleged that during the evening of November 13, 1993, he was arrested and transported to the St. Joseph County Jail. He stated that while he was at the jail, two employees of the Police Department forced him to the ground. As a result of the officers' actions, he claims to have suffered a fractured jaw, lacerations and bruises.

Donahue's claim concerns the manner in which the St. Joseph County Jail was administered, a matter which we determined in *Weatherholt* falls solely within the province of the sheriff. Here, Donahue does not argue that the County failed to comply with any duty it might have to implement standards for general physical and envi-

ronmental conditions in the jail facility. *See* IND.CODE § 11–12–4–1(a)(1). Rather, the factual basis for his claim is the allegedly tortious conduct of two officers working in the jail when he was arrested. Donahue has failed to establish that the County owed him a duty of care under these circumstances.

■ As we have previously noted, Donahue maintains that the County was the proper defendant in this action because the Police Department is an agency of the County and, therefore, that the County was responsible for any damages resulting from the conduct of its employees. However, there must be an agency relationship before imputed liability under the principle of respondeat superior applies. *Delk v. Board of Comm'rs of Delaware County,* 503 N.E.2d 436, 440 (Ind.Ct.App.1987). In *Carver v. Crawford,* 564 N.E.2d 330 (Ind. Ct.App.1990), we held that the county commissioners do not have any control over the acts of the sheriff and its officers. *Id.* at 334. The sheriff is an office created by our constitution, and the powers and duties of the office are established by our legislature. *Id.* While the county commissioners may have some limited emergency powers concerning the sheriff's office, these powers do not include the ability to control the sheriff's actions. *Id.; see* IND. CODE § 36–8–10–6(b).

Applying these principles to the facts, it is clear that there is no agency relationship between the County and the Police Department, the officers were not acting on behalf of the County and the officers were not subject to the County's supervision or control. Here, as a matter of law, the County is not liable for the tortious conduct of the Department's employees. The facts, if true, would not support the relief requested in the complaint. The parties' stipulation substituting the County as the named defendant in this action was fatal to Donahue's claim.

In its order dismissing Donahue's action, the trial court did not indicate on what ground it granted the motion to dismiss. We will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Smith v. King,* 716 N.E.2d 963, 967 (Ind. Ct.App.1999), *trans. denied.* We conclude that Donahue has failed to state a claim against the County upon which relief can be granted. Accordingly, the trial court did not err when it dismissed Donahue's complaint pursuant to Trial Rule 12(B)(6).

Affirmed.

BROOK, J., and ROBB, J., concur.