**Lester C. JONES, Plaintiff,**

v.

**Tracy A. BROWN, et al., Defendants.**

**No. 3:03–CV–0263 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 10, 2003.

**678**

Lester C. Jones, Lafayette, IN, pro se.

Douglas J. Masson, Hoffman, Luhman and Masson, Lafayette, IN, Defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

 Lester C. Jones, a *pro se* prisoner, submitted an amended complaint prior to the filing of an answer pursuant to Fed.R.Civ.P. 15(a). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir.2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

### A.

 Mr. Jones alleges that on April 22, 2001, while he was a pre-trial detainee, that he was punished without a hearing when he was placed in segregation. He alleges that Sgt. Williams told him that he waived his right to a hearing. He alleges that he notified Captain Tracy Brown that he was being held in segregation without a hearing and that he had not waived his right to a hearing. He alleges that he did not a receive a response and that he remained in segregation.

 Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), before imposition of punishment for a disciplinary infraction. These procedures include notice of the allegations, an opportunity to be heard and present witnesses, and a deter-

mination by a fact finder who puts his findings on the record. *McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir.1987). Once a prisoner has been granted those procedural protections, the role of a reviewing court "is limited to determining whether there was sufficient evidence to support the ... decision." *McKinney* at 733. Such a decision is Constitutionally valid if there is "any evidence in the record that could support the conclusion reached...." *Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes,* 64 F.3d 285, 291 n. 5 (7th Cir.1995).

If Captain Tracy Brown responded and released him from segregation within a reasonable time after receiving his complaint, this claim will ultimately be dismissed. Nevertheless, at the pleading stage of the proceeding, Mr. Jones must be given the benefit of the inferences and he has stated a claim against Captain Tracy Brown.

### B.

 Mr. Jones alleges that Deputy Sheriff Robert Goldsmith found him guilty of major offense # 4, for which he was not charged and which is not factually related to the offenses with which he was charged. If an inmate is found guilty of a charge that is factually related to the notice he received, then the notice requirement of *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) is satisfied. *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir.1992). Here the allegation is that he was found guilty of an offense which was not factually related to the charged offenses. This states a claim if he was punished based on this finding of guilt. If he

was never punished based on this finding of guilt, this claim will ultimately be dismissed. Nevertheless, at the pleading stage of the proceeding, Mr. Jones must be given the benefit of the inferences and he has stated a claim against Deputy Sheriff Robert Goldsmith.

 Mr. Jones alleges that he did not receive any response to the grievance(s), complaint(s), or appeal(s) that he filed with defendants Murtaugh, Brown or Shedd. *Wolff* does not provide for any right to an appeal, and the First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance. Once Mr. Jones was provided with a hearing, others do not become liable to him for errors which may have occurred during that hearing merely because he notified them of the alleged errors. Mr. Jones' only remedy in this court for such errors is against the hearing officer who committed those errors.

### C.

 Mr. Jones alleges that he notified defendants Captain Tracy A. Brown and Commissioner Ruth Shedd that his religion does not permit him to eat pork, but he nevertheless was served meals with pork products. As a result, he alleges that he went without eating adequate meals on many occasions. Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al–Alamin v. Gramley,* 926 F.2d 680, 686 (7th Cir.1991). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological

interests. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).

It appears from the grievances Mr. Jones has submitted that the pork was served inadvertently and that he was able to obtain a non-pork meal merely by reminding the food server that he did not eat pork and requesting a non-pork meal. If this is true, then no Constitutional violation occurred and this claim will ultimately be dismissed. Nevertheless, at the pleading stage of the proceeding, Mr. Jones must be given the benefit of the inferences and he has stated a claim against Captain Tracy Brown.

He does not state a claim against Commissioner Ruth Shedd who is identified as the president of the county commissioners. The county commissioners are not responsible for administering or operating the jail and therefore Commissioner Ruth Shedd cannot be liable for the serving of pork to Mr. Jones. *See Weatherholt v. Spencer County*, 639 N.E.2d 354, 356–57 (Ind.App. 1994).

### D.

■■■■ Mr. Jones alleges that Officer Fisher confiscated his radio and headphones. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Indiana's tort claims act (INDIANA CODE 34–13–3–1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987); *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir.1988). Therefore Mr. Jones does not state a federal claim based on the confiscation of his radio and headphones.

■■■■ Mr. Jones alleges that Officer Fisher filed false disciplinary charges against him. He also alleges that, "I was found not guilty of the 'false' charges alleged by defendant Fisher." Amended Complaint at 8. To state a claim, Mr. Jones must have had false charges filed against him which were the basis for the sanctions against him and he must have been denied his rights under *Wolff* in the hearing on those false charges. *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir.1984). Having been found not guilty of the allegedly false charges, Mr. Jones suffered no sanctions as a result of them and he does not state a claim against Officer Fisher.

■■■■ Mr. Jones alleges that Lt. D. Saxton denied him due process in the disciplinary hearing related to these charges on August 6, 2001 when refusing to allow him a lay advocate and refused to allow him to read the incident report or witnesses statements. A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), before imposition of punishment for a disciplinary infraction. These procedures include notice of the allegations, an opportunity to be heard and present witnesses, and a determination by a fact finder who puts his findings on the record. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir.1987). Mr. Jones alleges that the form notifying him of the hearing stated that he was

entitled to a lay advocate, but that form cannot be the basis for a claim under § 1983 and *Wolff* did not entitle him to a lay advocate. Neither did *Wolff* entitle him to read the incident report or witness statements. Finally, Mr. Jones alleges that the notice he received did not adequately inform him of the charges against him. If the actual notice did adequately inform Mr. Jones of the charges against him, then this complaint will ultimately be dismissed. Nevertheless, at the pleading stage of the proceeding, Mr. Jones must be given the benefit of the inferences and he has stated a claim against Lt. D. Saxton.

Mr. Jones alleges that he appealed to Sheriff David Murtaugh, but did not receive a reply. *Wolff* does not provide for any right to an appeal.

 Mr. Jones also alleges that Captain Tracy Brown informed him that certain criminal charges had been dismissed when in fact they had been referred to the prosecutor and eventually became part of a plea bargain in connection with other charges. Verbal abuse and harassment are not sufficient to state a claim under § 1983. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

### E.

 Mr. Jones alleges that because his mattress was dirty, he slept on the floor. The Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Garvin v. Arm-*

*strong*, 236 F.3d 896, 898 (7th Cir.2001). Nevertheless, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir.2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While it may be unpleasant to sleep on the floor, doing so does not deprive an inmate of the "minimal civilized measure of life's necessities." *Farmer*. Even if sleeping on the floor long term was a Constitutional violation, which it is not, sleeping on the floor for the four days over a weekend, that it took Captain Tracy Brown to provide Mr. Jones with a replacement mattress after he was notified of the problem could not reasonably be found to be deliberately indifferent.

 Mr. Jones alleges that his toilet stopped working and that the next day he used the sink. While it may be unpleasant to use the sink, doing so for one day (or even longer) does not deprive an inmate of the "minimal civilized measure of life's necessities." *Farmer*.

### F.

Finally, Mr. Jones alleges that defendants Captain Tracy A. Brown, Sheriff David R. Murtaugh and Commissioner Ruth Shedd were deliberately indifferent in not taking corrective action when informed of all of the recited claims in the complaint. As previously discussed, Com-

missioner Ruth Shedd is not liable for events in the jail. The complaints, grievances, and appeals filed with Captain Tracy A. Brown and Sheriff David R. Murtaugh have already been discussed and it would not be reasonable to infer that Mr. Jones generalized allegation at the end of the amended complaint states a separate claim.

For the forgoing reasons, the court:

(1) **GRANTS** the motion for leave to file amend complaint (docket # 16);

(2) **DIRECTS** the clerk to file the Amended complaint;

(3) **GRANTS** the plaintiff leave to proceed on his individual capacity claim against Captain Tracy A. Brown for monetary damages for violating his rights under the Fourteenth Amendment by punishing him without due process on April 22, 2001;

(4) **GRANTS** the plaintiff leave to proceed on his individual capacity claim against Deputy Sheriff Robert Goldsmith for monetary damages for violating his rights under the Fourteenth Amendment by finding him guilty of an offense for which he did not receive notice on June 28, 2001;

(5) **GRANTS** the plaintiff leave to proceed on his individual capacity claim against Captain Tracy A. Brown for monetary damages for violating his First Amendment free exercise right by serving him meals containing pork during the summer of 2001;

(6) **GRANTS** the plaintiff leave to proceed on his individual capacity claim against Lt. D. Saxton for monetary damages for not providing him with notice of the disciplinary charges against him in connection with the hearing on August 6, 2001;

(5) **DISMISSES** all other claims;

(6) **DISMISSES** Officer Fisher, Sheriff David R. Murtaugh, and Commissioner Ruth Shedd;

(7) **DIRECTS** the clerk to send Lester C. Jones three USM–285's and six summons along with the copy of this order that is sent to him;

(8) **ORDERS** Lester C. Jones on or before January 7, 2004 to **EITHER** serve the complaint on the three remaining defendants **OR** file a motion seeking to have the complaints served by the United States Marshal Service along with three copies of the complaint and a properly completed USM–285 and two summons for each remaining defendant; and

(9) **CAUTIONS** Lester C. Jones that if he does not act to have the complaints served on the three remaining defendants on or before January 7, 2004, that this case may be dismissed pursuant to Fed. R.Civ.P. 41(b) for want of prosecution.

**IT IS SO ORDERED.**