McClary *v.* The State.

---

No. 9554.

McCLARY *v.* The State.

CRIMINAL LAW.—*Grand Jury.*—*Challenge to Array.*—A challenge to the array of a grand jury must be supported by affidavit, setting forth the causes therefor.

SAME.—*Plea in Abatement.*—*Challenge.*—A plea in abatement, seeking to attack the manner in which a grand jury was organized, must show

not only that the question presented by it was not raised by a challenge to the array, but also that the defendant had no suitable opportunity of challenging the array.

SAME.—Where a defendant has challenged the array of a grand jury, alleging certain facts in support thereof, he can not afterward plead the same facts in abatement.

PRACTICE.—*Continuance.*—*Illness of Attorney.*—The propriety of a postponement of a trial on account of the illness of one of the attorneys of a party is largely in the discretion of the trial court, and unless there has been an abuse of that discretion, no error is committed in refusing a postponement.

SAME.—*Questions to Witness.*—*New Trial.*—The mere asking of improper questions of a defendant, who was a witness in his own behalf, does not afford a sufficient reason for a new trial.

SAME.—*Juror Asleep During Argument.*—The mere falling asleep, for a short time, by a juror, during the argument of counsel for the defendant in a criminal cause, does not of itself constitute a sufficient cause for a new trial.

SAME.—*Sending Jury Out to Deliberate upon Verdict.*—Sending out a jury at ten o'clock at night to deliberate upon their verdict, is a matter within the discretion of the court, and no available error is committed thereby unless there is shown to have been an abuse of that discretion.

SAME.—*Surprise.*—The failure of counsel for the State to produce at the trial the knife with which the prosecuting witness was wounded, and "false testimony given upon the trial concerning the length and character of such knife," do not constitute such surprise as would authorize the granting of a new trial.

SAME.—*Misconduct of Jury.*—*Bailiff in Jury Room During Deliberations.*—*Insufficiency of Affidavit.*—An affidavit, filed in support of a motion for a new trial on account of the misconduct of the jury, in permitting their bailiff to be present during their deliberations, which states "that the bailiff told the affiant that he was in the jury room the greater portion of the time while the jury were in consultation," is insufficient to prove that the bailiff was in the room as alleged.

SAME.—*Instructions.*—Where the court sufficiently instructs the jury as to what was necessary to make out the crime charged, but was not asked to, and did not, instruct the jury as to the lesser offences of which the defendant might be convicted, no error is committed of which the defendant has reason to complain.

From the Huntington Circuit Court.

*A. Moore*, for appellant.

*D. P. Baldwin*, Attorney General, and *C. W. Watkins*, Prosecuting Attorney, for the State.

NIBLACK, J.—William McClary, the appellant, was, at the October term, 1880, indicted for an assault and battery upon one Charles V. Jones with the intent, maliciously and premeditatedly, to kill and murder him, the said Jones. A jury found him guilty as charged, fixing his punishment at a fine of one dollar and imprisonment in the State's prison for a term of two years. A motion for a new trial being first considered and denied, judgment followed upon the verdict.

At the commencement of the term of court at which the indictment was returned, the appellant was in the custody of the sheriff upon a charge of the offence for which he was afterward tried and convicted, as above stated, and when the grand jury was called he challenged the array orally upon the ground that the grand jurors then called had constituted the grand jury of the two preceding terms, and had been superseded by other grand jurors, selected for the term of court then in session, but who had not been summoned to attend as such grand jurors at that term. The court overruled the appellant's challenge to the array and empanelled the grand jury, and it was this grand jury which returned the indictment against the appellant. The appellant then pleaded the facts relied upon in support of his challenge to the array in abatement of the indictment, and the court sustained a demurrer to his plea.

The only errors assigned in such a way as to require our attention are :

1st. Upon the overruling of the challenge to the array of the grand jury ;

2d. Upon the sustaining of the demurrer to the plea in abatement ;

3d. Upon the refusal of the court to grant a new trial.

The act concerning grand juries, 2 R. S. 1876, p. 419, sec. 11, provides that "No challenge to the array of any grand jury shall be allowed, unless such challenge be supported by affidavit setting forth the causes therefor." In this case,

no affidavit was filed setting forth the causes relied upon in support of the challenge to the array, but only an oral statement of the causes thus relied upon was made to the court. The court, therefore, did not err in overruling the challenge to the array of the grand jury.

Moore, in his treatise on criminal law, at section 140, says: "Pleas in abatement are not favored in law, nor are presumptions of fact indulged in their favor, but they must state every fact necessary to their sufficiency: and a plea in abatement that fails to show why the objection to the grand juror was not or could not have been made by way of challenge is bad, and a demurrer to it will be sustained."

It has been settled by this court, that where the question of the legality of the organization of a grand jury has been raised by a challenge to the array, the defendant is not allowed to again present the same question by plea in abatement. *Meiers* v. *The State*, 56 Ind. 336; *Ward* v. *The State*, 48 Ind. 289; *Hardin* v. *The State*, 22 Ind. 347. Consequently, a plea in abatement, seeking to attack the manner in which a grand jury was organized, must show not only that the question presented by it was not raised by a challenge to the array, but also that the defendant had no suitable opportunity of challenging the array. The appellant, having challenged the array, alleging certain facts in support of his challenge, could not afterward plead the same facts in abatement. The demurrer to the plea in abatement was, therefore, correctly sustained.

The causes assigned for a new trial, upon which questions are presented for our decision, may be enumerated as follows:

1st. That the verdict was not sustained by sufficient evidence;

2d. That the court erred in refusing to postpone the trial on account of the illness of one of the appellant's attorneys,

and in requiring the appellant to go to trial on the next day after the motion to postpone was overruled ;

3d.  Because of the alleged misconduct of the prosecuting attorney, in asking the appellant, on his cross-examination, whether he had not committed other offences previous to the time of the commission of the supposed crime for which he was on trial ;

4th.  Because one of the jurors went to sleep while one of the appellant's attorneys was addressing the jury ;

5th.  Because the court sent out the jury to deliberate upon their verdict at 10 o'clock at night ;

6th.  Because of surprise at the failure of counsel for the State to produce the knife with which the prosecuting witness was wounded, at the trial, and at false testimony given upon the trial concerning the length and character of such knife ;

7th.  Because of misconduct of the jury, in permitting their bailiff to be present in their room during the greater portion of the time they were engaged in deliberating upon their verdict ;

8th.  Because the court failed to instruct the jury as to what constituted murder in the second degree, and as to the law defining voluntary manslaughter.

As to the first cause for a new trial, the evidence appears to us to have fully sustained the verdict.

As to the second cause, the propriety of a postponement, on account of the illness of one of the attorneys, raised a question largely in the discretion of the court.  The appellant had more than one attorney already employed, and there is nothing in the case indicating to our minds any abuse of discretion by the court in refusing the postponement.

As to the third cause, the court overruled all the questions put to the appellant concerning his commission of offences other than the one for which he was then on trial.  The mere

asking of improper questions does not afford a sufficient reason for a new trial.

As to the fourth cause, it may be said that the mere falling asleep for a short time, by a juror, during the argument of counsel for the defendant in a criminal cause, does not of itself constitute a sufficient cause for a new trial. But, aside from this view of the supposed irregularity complained of, the affidavit filed in support of this cause did not aver that. the juror actually fell asleep, but only that he had his eyes closed, and appeared to be asleep.

In respect to the fifth cause, it may be stated that the sending out of a jury at 10 o'clock at night was a matter which also rested upon the discretion of the court, and nothing has been shown manifesting an abuse of discretion in that respect in this particular case.

As regards the sixth cause, we know of no rule recognizing the kind of surprises set up by it as causes for a new trial.

The evidence showed that the knife was not in the possession or under the control of the prosecuting attorney at the time of the trial, and if it had been it would have been a matter for him to decide as to whether it should have been put in evidence by the State. His failure to put it in evidence was at most a matter for comment before the jury

Both parties gave evidence as to the size and kind of knife which the appellant used in his assault upon the prosecuting witness. If some of the statements of witnesses on behalf of the State were fanciful and extravagant, that did not constitute such a surprise as would have justified the court in granting a new trial.

The presence of the bailiff in the jury room, after the jury have retired for deliberation, has been held by this court to be a good cause for a new trial. *Rickard* v. *The State*, 74 Ind. 275.

But the affidavit filed in support of the seventh cause for a new trial does not directly aver that the bailiff was in the

room with the jury, but only that, after the jury were discharged, the bailiff told the affiant that he was in the jury room the greater portion of the time while the jury were in consultation. This was only hearsay evidence of an alleged fact, and did not support the positive allegation that the bailiff was in the room with the jury during their deliberations.

The court instructed the jury quite sufficiently as to what was necessary to make out the crime charged in the indictment, but was not asked to instruct, and did not instruct, the jury as to the lesser offences of which the appellant might have been convicted under the indictment.

As the appellant did not ask instructions to supply the omission, assigned as the eighth cause for a new trial, he has no reason to complain that the instructions given did not go as far as they might have gone. No error has been shown in the refusal of the court to grant a new trial.

The judgment is affirmed, with costs.