Melvin WHITING, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8606–CR–588.

Supreme Court of Indiana.

Dec. 22, 1987.

Scott King, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following a jury verdict finding appellant guilty of murder. The trial court sentenced him to forty (40) years imprisonment.

Appellant raises as his sole issue an allegation that two jurors were sleeping during the closing argument for the defense, resulting in a violation of his right to a fair trial.

At the sentencing hearing, when asked by the court if he had anything to say, appellant replied that a certain State's witness was lying and that "[a]lso a juror was sleeping during the trial." In response to a question from the trial judge as to whether or not he had informed his lawyer that a juror was sleeping, appellant replied affirmatively. His lawyer added that he had observed two jurors who appeared to have been "more or less nodding" but that he wasn't sure if they were asleep. He also stated that he made reference to this on his jury diagram but did not inform the trial court of his observations. Further, attached to the motion to correct error is an affidavit executed by trial counsel to the effect that two jurors were asleep during final argument and that he noted this fact on his juror's seating diagram.

Appellant urges that as a result of the allegedly sleeping jurors he was denied his statutory right to be tried by twelve jurors and his State constitutional right to be heard by his counsel.

It is recognized that juror misconduct can constitute the basis for a valid claim that the right to a fair jury trial has been denied. However, a party has the duty and responsibility, upon discovery of possible juror misconduct, to formally raise the issue with the presiding court in a timely manner. *Merry v. State* (1975), 166 Ind. App. 199, 335 N.E.2d 249. "The defendant may not observe an error in the trial, make no objection, and yet claim such error as reason for reversal." *Id.* 335 N.E.2d at 267. The general rule subject to fundamental error exceptions is that when a party has a fair opportunity to object and raise an issue at trial, and does not, the right to later assert the issue is relinquished.

Appellant acknowledges that while both he and his attorney were aware of the jurors' behavior and immediately concerned about it, neither brought this to the attention of the court. The trial court was therefore not apprised of the suspect behavior and was therefore not placed in a

position to make any factual determination on the record concerning it. There was also no chance for the court to take any appropriate corrective action.

Even if this issue were properly presented, appellant has failed to meet his burden. In order to prevail on an issue of this type it must be demonstrated that the jurors were actually inattentive and that the jurors' action actually resulted in prejudice. *Smith v. State* (1982), Ind., 432 N.E.2d 1363. [citing *Merry, supra*]

First, the belated allegations are conflicting on whether the two jurors were really asleep. Initially counsel stated he was not sure they were asleep. Later, by affidavit, he affirmatively stated they were sleeping. Since the behavior was not brought to the court's attention, it is impossible to know whether the jurors were actually sleeping or may have just been resting their eyes. The evidence presented by appellant is not sufficient to show they were actually inattentive.

Even assuming that the jurors were asleep, no prejudice has been shown. As was stated in *McClary v. State* (1881), 75 Ind. 260, "the mere falling asleep for a short time, by a juror, during the argument of counsel for the defendant in a criminal cause, does not of itself constitute a sufficient cause for a new trial." *Id.* at 265. Appellant makes no argument other than to state he was denied his right to be tried by twelve jurors and his right to be heard by counsel. He does not explain why he believes the alleged behavior of the jurors denied him these rights.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.