**James David TERRELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 82S04–0104–CR–200.

Supreme Court of Indiana.

April 11, 2001.

John D. Clouse, Evansville, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

James David Terrell contends that Ind. Criminal Rule 16(A) does not require filing

a motion to correct error as a prerequisite for an appeal addressing newly discovered evidence if the error was raised and addressed pre-judgment. He makes a valid argument.

### Facts and Procedural History

On May 11, 1999, a jury found Terrell guilty of criminal confinement and battery. The trial court accepted the jury's verdicts, entered the guilty findings and set a dispositional hearing date.

On June 3, 1999, a juror from Terrell's trial contacted the judge who had presided, Hon. J. Douglas Knight, asserting among other things that both she and her husband were members of the Mafia and that she was terrified for her life. She gave the judge three documents, indicating that her husband replaced John Gotti as head of a New York crime family and had killed over sixty people. When the juror again met with the judge on June 22, 1999, Judge Knight told her that he contacted the FBI and the Deputy Coroner and that neither verified her information.

Judge Knight documented their conversations in a sealed memorandum and provided a copy to both Terrell and the prosecutor. On July 14, 1999, at a time when sentencing and judgment had not yet occurred, Terrell filed a motion to set aside the jury's verdict and for mistrial based upon this newly discovered evidence. Judge Knight then recused, and the case was reassigned to Judge Wayne S. Trockman. The trial court held a hearing on the motion on September 24, 1999, and later denied the motion, concluding that no juror misconduct had occurred.

Judge Trockman eventually sentenced Terrell to an aggregate term of eight years. Terrell appealed his conviction based on newly discovered evidence and alleged juror misconduct. (Appellant's Br. at 16–21.) The Court of Appeals dismissed his appeal, in an unpublished opinion, stating that Terrell "failed to preserve any error for appeal" when he did not file a motion to correct error. *Terrell v. State*, 736 N.E.2d 353 (Ind.Ct.App.2000). We grant transfer to examine the issue of appellate procedure that led to the dismissal.

### Discussion

■ In general, an objection or appropriate motion at trial is sufficient (and required) to preserve an error for appeal. *See* Ind.Crim.Rule 16 ("All other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief."). Such a regime helps foster fair trials by prompting parties to provide the trial court with an early opportunity to remedy errors.

■ Similar considerations animate our general policy that claims based on newly discovered evidence be presented to the trial judge first, and at the earliest feasible date. In *Whiting v. State*, 516 N.E.2d 1067 (Ind.1987) (citation omitted), we stated, "[A] party has the duty and responsibility, upon discovery of possible juror misconduct, to formally raise the issue with the presiding court in a timely manner." Thus, when the new evidence is discovered while a matter is still pending in a trial court, it is proper for a party to raise any allegation of error arising therefrom in a motion to the court.

Of course, not all grounds for relief present themselves during the course of trial. Occasionally, evidence giving cause to allege error is discovered after a jury returns its verdict, sometimes even post-judgment. Indiana Criminal Rule 16(A) contemplates such post-judgment discoveries: "A Motion to Correct Error is not a prerequisite for appeal, except when a party seeks to address newly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which,

with reasonable diligence, could not have been discovered and produced at trial."

Rule 16(A) thus creates an exception from the general proposition that after a trial court has entered judgment, a party may elect whether to file a motion to correct error or to proceed to the appellate courts. One who has a claim of newly discovered evidence is obliged to present that claim initially to the trial judge so that he or she can assess the quality of the newly discovered evidence and consider whether relief is warranted.

In short, when a party wishes to raise an issue of newly discovered evidence while a case is still before the trial court (such as in this instance, after trial and before sentencing) the party may raise it by motion to the trial court. When the issue arises in the thirty-day period after the trial court has entered a final judgment, Rule 16(A) requires the party to raise the issue in a post-judgment motion to correct error. Both avenues preserve the question for appeal.

Terrell's lawyer did just the right thing. Upon discovery of the occurrence and content of conversations between the trial judge and one of Terrell's trial jurors, he filed a motion to set aside the verdict and for mistrial alleging juror misconduct. The trial court conducted a hearing on the motion, and later denied it. These pre-judgment events preserved Terrell's claim for presentation on appeal.

## Conclusion

We reverse the dismissal of Terrell's appeal and remand to the Court of Appeals for a ruling on the merits.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.