**Nancy SMITH, Appellant
(Plaintiff Below),**

v.

**ELECTRICAL SYSTEM DIVISION OF
BRISTOL CORPORATION, Appellee
(Defendant Below).**

No. 71A03–8907–CV–297.

Court of Appeals of Indiana,
Third District.

Aug. 9, 1990.

Frank J. Petsche, South Bend, for appellant.

Mark D. Boveri, Barnes & Thornburg, South Bend, Ind., for appellee.

STATON, Judge.

Nancy Smith appeals a grant of summary judgment dismissing her claim of retali-

atory discharge against Bristol Corporation. She challenges the trial court's application of law with respect to two issues:

I. Is Bristol's absence control policy in violation of Indiana law prohibiting discharge of an employee solely in retaliation for pursuing a statutory right?

II. Is Bristol's absence control policy a device illegally operating to diminish its obligation under Indiana's Workmen's Compensation Act?

We affirm.

On September 17, 1985, Smith was hired by Bristol to perform the duties of a wire cutter operator. She performed satisfactorily in this capacity until May 30, 1986, on which date she sustained a serious injury to her foot in an industrial accident. Smith, assisted by Bristol employees, applied for and received workmen's compensation benefits.

Smith was allowed a medical leave of absence until February 9, 1989. She was then terminated pursuant to Bristol's absence control policy published in the employees' manual. The policy provides that a leave of absence for illness or injury may continue for one year or an amount of time equal to the employee's length of service, whichever is less.

Smith subsequently brought suit against Bristol for wrongful discharge and, in an amended Complaint, alleged that the discharge had been in retaliation for her pursuit of workmen's compensation benefits.

At Smith's deposition, she testified that Bristol employees cooperated by assisting her in the preparation and filing of her workmen's compensation claim. She further testified that she had no reason to believe that her termination occurred because she pursued those statutory benefits. The trial court subsequently granted Bristol's Motion for Summary Judgment, finding no issue of material fact.

I.

*Retaliatory Discharge*

Smith accepted employment with Bristol for an unspecified duration of time; such employment is presumptively terminable at the will of either party. *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390, 392. Smith admits she was an employee at will, but asserts that her discharge falls within a public policy exception to the employment at will doctrine recognized by the court in *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425. *Frampton* held that an employer may not discharge an employee solely because of the employee's exercise of a statutory right.

Smith does not claim that her discharge was a direct consequence of her application for workmen's compensation benefits; rather, she claims that Bristol indirectly penalized her exercise of this statutory right. She maintains that the absence control policy discourages application for benefits in that an employee may fear discharge. Bristol replies that its policy is non-discriminatorily applied. Excessive absence of an employee, whether related to illness, employment related injury or non-employment related injury, results in termination.

Smith and Bristol cite various decisions in other jurisdictions supporting or contradicting the premise that absence control policies applied to employees with work related injuries indirectly impose an illegal penalty. Some of the cited cases involve statutes contrary to Indiana law, some involve administrative proceedings and some have subsequently been diminished by legislative action. None are authority binding upon this court.

Indiana courts have narrowly construed the public policy exception recognized in *Frampton*. A successful litigant must demonstrate that his or her discharge was solely in retaliation for the exercise of a statutory right or the fulfillment of a statutorily imposed duty. *Hillenbrand v. City of Evansville* (1983), Ind.App., 457 N.E.2d 236.

Smith correctly asserts that an employee injured in the course of employment is entitled to apply for and receive workmen's

compensation benefits without fear of reprisal. *Frampton, supra,* 297 N.E.2d at 427. However, she fails to recognize that no penalty accompanied her application for *compensation.* Smith was penalized for excessive absence, which penalty would have been incurred even had she decided to take unpaid leave. Thus, her discharge did not result *solely* because of her exercise of a statutory right.

We decline to extend *Frampton* to provide that, even absent evidence of retaliatory intent, a neutral policy effecting an incidental detriment to an employee receiving workmen's compensation constitutes a violation of Indiana law. Our supreme court has clearly stated that revision of the long standing doctrine of employment at will in Indiana is best left to the legislature. *Morgan Drive Away v. Brant* (1986), Ind., 489 N.E.2d 933, 934.

## II.

### *Diminution of Statutory Duty*

■ Next, Smith asserts that Bristol's absence control policy is in violation of IC 22–3–2–15, which provides that no device may be employed which relieves an employer of its obligations under the Indiana Workmen's Compensation Act. She contends that her acceptance of employment on Bristol's stated terms was an ineffective attempt to waive her rights.

The above-referenced Act outlines a compensation scheme which the employer, through insurance, has a duty to provide. *Frampton, supra,* 297 N.E.2d at 427. It does not, however, mandate the provision of non-economic benefits, e.g., indefinite maintenance of an injured worker's employment status.

As Bristol's absence control policy in no way diminishes its economic obligation under the Act, it does not violate IC 22–3–2–15.

Affirmed.

HOFFMAN and MILLER, P.JJ., concur.