Mickey **FLEENER**, Janice Fleener, Appellants (Plaintiffs Below),

v.

**ORKIN EXTERMINATING COMPANY, INC., Appellee (Defendant Below).**

No. 49A04–8912–CV–565.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1990.

Raymond F. Fairchild, Indianapolis, for appellants.

Mary Beth Claus, Daniel R. Fagan, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiffs–Appellants Mickey Fleener and Janice Fleener (the Fleeners) appeal the trial court's judgment in favor of Orkin Exterminating Company, Inc. (Orkin) in an action for the negligent application of pesticides.

We affirm.

Fleeners raise the following restated issues for our review:

    1.  whether the trial court erred in striking the affidavits of a juror and an alternate juror who observed the alleged sleeping juror; and

    2.  whether the Fleeners were prejudiced by the inattentiveness of an alleged sleeping juror.

The Fleeners filed their complaint for negligence and damages claiming Orkin negligently applied pesticides to their residence, causing them personal injury. After extensive voir dire questioning of Marion Ford (Ford), a jury was chosen which included Ford. At the time of voir dire, Ford was on medication which caused her to become drowsy. She indicated she would reduce her medication in order to serve on the jury without drowsiness.

After the jury trial concluded in Orkin's favor, the Fleeners filed their motion to correct error, accompanied by affidavits from a juror and an alternate juror alleging Ford was "dozing" or "nodding off to sleep" during the trial. An affidavit from attorney Jon Williams (Williams) also stated Ford "appeared to be asleep and not paying any attention," during cross-examination of defense witness Dr. Salvaggio (Salvaggio). The Fleeners did not learn of Ford's alleged inattentiveness until after trial. The trial court ordered the juror and alternate juror affidavits stricken from the record, then denied the Fleeners' motion to correct error.

The Fleeners appeal.

They contend the trial court erred in striking the affidavits of the juror and alternate juror. They maintain the sanctity of the jury pales in light of the right to a

fair jury trial. The Fleeners contend the affidavits should have been considered. We disagree.

Initially, we note the Fleeners have failed to cite to any cases or relevant authority in support of their contention. Thus, this issue is waived for failure to comply with App.R. 8.3(A)(7). *Bill Becom Service T.V., Inc. v. Jones* (1987), Ind.App., 503 N.E.2d 1246, 1247. Furthermore, it is well settled a verdict cannot be impeached or contradicted by the affidavit or testimony of the jurors themselves. *Wagner v. Riley* (1986), Ind.App., 499 N.E.2d 1155, 1157, *reh. denied.*

The Fleeners next contend Ford's possible inattentiveness denied their right to a fair trial as guaranteed by the Indiana State Constitution. Thus, they maintain the trial court erred in denying their motion to correct errors. We disagree.

Juror misconduct is a question committed to the trial court's discretion. *Smith v. State* (1982), Ind., 432 N.E.2d 1363, 1367. We will reverse only upon abuse of that discretion. *Id.* Our courts have consistently held the party complaining of juror misconduct must prove

(1) that the juror was actually inattentive; and

(2) that the juror's inattentiveness resulted in actual prejudice to the complaining party.

*Whiting v. State* (1987), Ind., 516 N.E.2d 1067, 1068; *Smith, supra,* at 1368.

Here, the affidavit properly considered by the trial court stated the following

3. I personally observed that the woman juror in the front row in the second seat from the left as you face the jury had her head down and to the side with her eyes closed during plaintiff attorney Fairchild's cross examination of Dr. Salvaggio, Orkin's expert doctor. I observed her having her head down and to the side with her eyes closed for a period of seven to ten minutes. She appeared to be asleep and not paying any attention. When Dr. Salvaggio left the stand to get medical records is when I left the courtroom and I did not return.

(R. 81). Williams's affidavit merely speculates Ford was asleep and inattentive. This is insufficient to prove the juror was actually inattentive. Fleeners have failed the first part of the two part test.

Further, Fleeners have failed to prove they were actually prejudiced by Ford's alleged inattentiveness. A juror's sleeping or inattentiveness during parts of a trial does not automatically result in prejudice. *Whiting, supra.* Fleeners assert prejudice during the time period Ford was allegedly inattentive claiming her inattentiveness prevented her from hearing cross examination which revealed the following from Dr. Salvaggio, Orkin's expert witness

1. Dr. Salvaggio's manner of review of the medical records and his failure to review all of the medical records (R. 50–53);

2. Dr. Salvaggio's confusion concerning which of the Fleeners was taking blood pressure medicine (R. 55);

3. Dr. Salvaggio did not personally examine either of the Fleeners (R. 49–50); and

4. Dr. Salvaggio did not know how long the Fleeners were exposed to the pesticides.

(R. 47–49).

However, an examination of the record reveals those portions of cross-examination allegedly missed by Ford were discussed once again, after a court recess. (R. 57–63). Therefore, the mere fact Ford may have been inattentive during part of the cross-examination does not prejudice the deliberation process of jury. The Fleeners have failed to show actual prejudice. The trial court did not err in denying her motion to correct error.

Affirmed.

MILLER, P.J., concurs.

SULLIVAN, J., concurs in result.