Janice CRUTCHER, Charles Crutcher and the Indiana Civil Rights Commission, Appellants–Defendants,

v.

Douglas A. DABIS and Patricia M. Dabis, Appellees–Plaintiffs.

No. 37A03–9107–CV–198.

Court of Appeals of Indiana, Third District.

Dec. 12, 1991.

Jacquelyn Thompson, Indianapolis, for appellants-defendants.

Thomas L. Kirsch, Munster, for appellees-plaintiffs.

HOFFMAN, Judge.

Appellants-defendants Janice and Charles Crutcher appeal the trial court's reversal of an Indiana Civil Rights Commission (ICRC) decision awarding them $34,520.00 in damages on their discrimination complaint.

The facts relevant to the appeal disclose that Janice and Charles Crutcher are an interracial married couple. On June 30, 1985, Janice contacted Patricia Dabis regarding a house Patricia and her husband Douglas were renting in Hammond, Indiana. The Crutchers went through the house with Patricia on July 1, 1985, and offered to put down a deposit. Patricia informed the Crutchers that she had to show the house to another person. After several phone calls on Janice's part, Patricia informed her that Douglas had rented the house to someone else.

On July 5, 1985, the Crutchers filed a complaint of discrimination with the ICRC. The Dabises did not respond to the complaint, and the Crutchers filed a motion for default judgment on January 3, 1986. On January 17, 1986, the ICRC entered default judgment against the Dabises and set the matter for hearing on the issue of damages. The hearing took place on February 21, 1986, and the ICRC entered its findings of fact and conclusions of law on April 18, 1986. The ICRC awarded the Crutchers $28,000.00 for emotional distress damages, $2,000.00 for punitive damages, and $4,520.00 for out-of-pocket expenses.

The Dabises received notice of the ICRC's decision on April 23, 1986, and filed a petition for judicial review on May 7, 1986. On March 20, 1991, the trial court entered findings of fact and conclusions of law affirming the default judgment but reversing the damage award. This appeal ensued.

█ The Crutchers argue that the Dabises waived the damage award issue by failing to raise it in their petition for judicial review. IND.CODE § 4–22–1–14, the statute in effect when the Dabises filed their petition, provided that a party had 15 days after receipt of notice of the agency action to file a petition for review. Along with their petition, the Dabises filed a motion for extension of time within which to file the transcript of the ICRC proceedings as they had not yet received same. After receiving the transcript, the Dabises filed a memorandum in support of their petition in which they raised the damage award issue. Consequently, this Court declines to find that the Dabises waived the damage award issue.

█ Next, the Crutchers claim the trial court erred in finding that the ICRC exceeded its statutorily-delegated authority in awarding them $34,520.00 in damages. When a trial court, in the first instance, or an appellate court, on appeal, reviews the decision of an administrative agency, the court is bound by the agency's findings of fact if those findings are supported by substantial evidence. *Hamilton County D.P.W. v. Smith* (1991), Ind.App., 567

N.E.2d 165, 167–168. The reviewing court may not reweigh the evidence or substitute its judgment for that of the agency. *Id.* at 168. However, when reviewing the agency's conclusions of law, the court is not bound by the agency's interpretations of law and is free to determine any legal question which arises out of an administrative action. *Id.* When an agency interprets its own statute, the court should accord the interpretation great weight, but the court is not bound by the agency's interpretation and should reverse if the agency incorrectly interpreted the statute. *Id.*

IND.CODE § 22–9–1–6 (1988 Ed.) sets forth the powers and duties of the ICRC and provides, in pertinent part, as follows:

"(k)(1) The commission shall state its findings of fact after a hearing and, if the commission finds a person has engaged in an unlawful discriminatory practice, shall cause to be served on this person an order requiring the person to cease and desist from the unlawful discriminatory practice and requiring the person to take further affirmative action as will effectuate the purposes of this chapter, including but not limited to the power:

(A) to restore complainant's losses incurred as a result of discriminatory treatment, as the commission may deem necessary to assure justice; however, this specific provision when applied to orders pertaining to employment shall include only wages, salary, or commissions[.]  ..."

In *Indiana Civil Rights Com'n v. Holman* (1978), 177 Ind.App. 648, 380 N.E.2d 1281, this Court held that the "losses" referred to in IND.CODE § 22–9–1–6(k)(1) "are pecuniary losses which can be proved with some degree of certainty, such as where a person has been denied employment, or living accommodations, or business in violation of the Civil Rights Act where that violation results in actual pecuniary loss." *Id.* at 653–654, 380 N.E.2d at 1285. The *Holman* court went on to hold that the ICRC exceeded its statutory powers when it awarded $1,000.00 as compensation for racial insult made by a landlord to a tenant.

*Id.* While recognizing that IND.CODE § 22–9–1–6(k)(1) does not limit the ICRC to simply restoring losses, the court noted that the statute does not specifically empower the ICRC to award damages as compensation for racial insult, either. *Id.* The court also noted that an administrative agency has only those powers which are specifically conferred by statute, and that all doubtful claims to power by a governmental agency must be resolved against it. *Id.*

In *Indiana Civil Rights Com'n v. Midwest Steel* (1983), Ind.App., 450 N.E.2d 130, 140, this Court reiterated its position as follows:

"The purpose of the limitation that 'orders pertaining to employment shall include only wages, salary or commissions,' is to prohibit an award of *monetary damages* for feelings of embarrassment or insult which may arise out of discriminatory acts such as sexual harrassment. [Emphasis original.]"

Based on *Holman* and *Midwest Steel,* the instant trial court ruled that the ICRC's award to the Crutchers of $28,000.00 for emotional distress damages and $2,000.00 for punitive damages was in excess of its statutory authority. This Court agrees with the trial court.

■ The ICRC also awarded the Crutchers $4,520.00 for their out-of-pocket expenses. The Crutchers contend the trial court erred in finding the ICRC exceeded its statutory authority in awarding all but $325.00 for said expenses. However, the Crutchers failed to cite to any cases or relevant authority in support of their contention. Their failure to comply with Ind.Appellate Rule 8.3(A)(7) constitutes waiver of this issue for appellate review. *Fleener v. Orkin Exterminating Co., Inc.* (1990), Ind.App., 560 N.E.2d 1257, 1259. The judgment of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

CHEZEM, J., dissents with opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. The provisions of IC 22–9–1–6, properly construed, permit

the emotional distress award granted in this case by the Indiana Civil Rights Commission. To the extent *Holman* holds otherwise, that decision should be reconsidered.

The section of the Federal Civil Rights Act comparable to IC 22–9–1–6, provides: "If the administrative law judge finds that a respondent has engaged or is about to engage in a discriminatory housing practice, such administrative law judge shall promptly issue an order for such relief as may be appropriate, which may include *actual damages suffered* by the aggrieved person and injunctive of other equitable relief." (Emphasis added.) 42 U.S.C. § 3612(G)(3). This provision has been construed by the federal courts to include emotional distress damages. See *Steele v. Title Realty Co.,* 478 F.2d 380 (1973). (Damages in a discriminatory housing action are not limited to out-of-pocket losses but may include an award for emotional distress and humiliation.)

Under IC 22–9–1–6, the Commission has the power to "restore the complainant's losses [as] necessary to assure justice." It cannot logically be maintained that the emotional distress suffered by a victim of discrimination is not a compensable "loss" under the statute. Assuring justice necessarily requires the making whole of an injured person, and a person found to have suffered emotional distress certainly is not whole. We should be vigilant to conform our determination of the law to the needs of the people of Indiana. Our Supreme Court recently recognized the need to revisit the issue of negligent infliction of emotional distress. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452. We, too, should be willing to reconsider the question of recovery for damages to a complainant's emotional well being when his civil rights have been violated, for some of the rationale in *Shuamber* can be applied here.

I would therefore reverse that part of the trial court's order disallowing the Crutcher's emotional distress damages.