R. Victor STIVERS, Appellant–
Defendant,

v.

Donna L. STEVENS, Appellee–Plaintiff.

No. 49A04–9103–CV–67.

Court of Appeals of Indiana,
Fourth District.

Nov. 18, 1991.

On Rehearing Jan. 21, 1992.

Brad C. Angleton, R. Victor Stivers &
Associates, Indianapolis, for appellant-de-
fendant.

CONOVER, Judge.

Defendant–Appellant R. Victor Stivers
appeals a judgment against him in favor of
Donna L. Stevens.

Affirmed.

Stivers raises the following restated and
consolidated issues for our review:

    1. whether Stevens was entitled to
damages on the basis she was discharged

for stating an intent to file a workmen's compensation claim;

2. whether Stevens was discharged solely because of her intention to file a workmen's compensation claim;

3. whether the damage award was supported by sufficient evidence;

4. whether the trial court erred in permitting testimony pertaining to physician's fees; and

5. whether the trial court erred in disallowing evidence of Stevens' subsequent employment.

The facts most favorable to the judgment indicate Stevens was employed by Stivers as a legal secretary from November 25, 1986, until January 31, 1987. During the term of employment, Stevens began experiencing numbness and tingling in her hands and fingers. On January 31, 1987, she told Stivers of the condition of her hands and mentioned extensive treatment would be necessary. She also told him she intended to file a workmen's compensation claim so she could afford to pay for her upcoming treatment. At the conclusion of this discussion, Stivers fired Stevens.

She brought suit against Stivers claiming he fired her because she intended to file a workmen's compensation claim. The jury found in her favor, and awarded her $15,-000 in damages.

Additional facts are provided below as necessary.

■ Stivers contends the trial court erred in finding Stevens' suit was allowable under *Frampton v. Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425. He specifically contends *Frampton* applies only in cases where the employee is discharged after filing a workmen's compensation claim, not in cases where the employee is fired for merely stating her intent to file a claim.

Generally, an employee who is not employed for a specific duration is presumed to be an employee at will. The employment of an employee at will may be terminated by either party at any time and for any reason. *Call v. Scott Brass, Inc.* (1990), Ind.App., 553 N.E.2d 1225, 1227, *trans. denied.* However, in *Frampton* our supreme court crafted a narrow exception to the general rule. The court held an

employee at will may bring an action for retaliatory discharge if the employee was discharged for exercising her statutorily conferred right to file a workmen's compensation claim. The court reasoned that in order for the goals of the Workmen's Compensation Act to be obtained "the employee must be able to exercise [her] right in an unfettered fashion without being subject to reprisal." *Frampton*, 297 N.E.2d, at 427. In language applicable to this case, the court further held:

> If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

*Id.*

Thus, one of the reasons for the *Frampton* rule is to prevent the employer from terminating the employment of one employee in a manner which sends a message to other employees that they will lose their job if they exercise their right to worker's compensation benefits. Terminating an employee for filing a claim obviously has a deleterious effect on the exercise of this important statutory right. The discharge of an employee merely for suggesting she might file a claim has an even stronger deleterious effect.

■ Stivers contends Stevens failed to show her discharge was solely in retaliation for the exercise of a statutory right. He cites *Smith v. Electrical System Division of Bristol Corporation* (1990), Ind.App., 557 N.E.2d 711, in support of his contention.

In *Smith*, the plaintiff admitted her employer did not discharge her for filing her workmen's compensation claim. The suit against her employer was based upon her belief the employer's absence control policy indirectly discouraged application for workmen's compensation benefits. We declined to extend *Frampton* to apply to her discharge because the absence control policy

did not discriminate between injured employees who filed claims and those who did not. In so holding, we stated her discharge did not result solely because of her exercise of a statutory right. *Smith*, 557 N.E.2d, at 713.

*Smith* does not apply here. Stevens did not base her case on an imagined indirect violation of her right to file a claim. She was clearly discharged because she declared her intention to exercise her statutory rights.[1]

Stivers contends the damage award was not supported by sufficient evidence. He argues the evidence did not establish causation because the only evidence consisted of Stevens' testimony. He further argues the amount of damages was not sufficiently proven because Stevens' testimony was not supported by documentation.

A damage award must be supported by probative evidence. *Persinger v. Lucas* (1987), Ind.App., 512 N.E.2d 865, 868. Damages directly attributable to the wrong done are recoverable. *Greives v. Greenwood* (1990), Ind.App., 550 N.E.2d 334, 337. Damages may not be awarded on guess or speculation, but must be ascertainable with reasonable certainty. *Id.* However, uncertainty of dollar amount does not prevent the award of damages. *Id.*

█ Stevens testified her lost wages for the twenty-two weeks she was unemployed amounted to approximately $6500, and her medical costs for "tremors and shaking and hospitalization" after the firing amounted to approximately $6100. (R. 234). She also testified to the humiliation and emotional distress she experienced because of the firing.

Stevens' testimony constituted probative evidence from which the jury could properly determine causation since the injuries suffered were the natural and probable consequence of the wrongful firing. Her testimony was not objected to, and there was no evidence presented which contradicted her testimony in any way. Under these circumstances, expert testimony was not necessary.

Stevens' testimony was also sufficient to allow the jury to ascertain the amount of damages to be awarded. Approximately $12,600 of the $15,000 award was attributable to lost wages and medical costs arising for treatment for tremors and a stress reaction requiring hospitalization. The remaining amount was attributable to humiliation and emotional distress, which are injuries producing damages that cannot be defined and calculated with any mathematical certainty. The amount of the these types of damages are within the discretion of the trier of fact, and will not be overturned without a showing of abuse of that discretion. *Kavanagh v. Butorac* (1966), 140 Ind.App. 139, 221 N.E.2d 824, 828. Stivers fails to show, or even argue, how the award for these types of injuries was an abuse of the jury's discretion.[2]

█ Stivers argues the trial court erred in permitting Stevens to testify regarding the fee her physician would charge to appear as a witness. However, Stivers does not support his contention with citation to relevant authority. Therefore, the issue is waived. *Fleener v. Orkin Exterminating Co., Inc.* (1990), Ind.App., 560 N.E.2d 1257, 1259, *trans. denied.*

Finally, Stivers argues the trial court erred in not allowing him to enter evidence pertaining to Stevens' discharge by a subsequent employer. Again, he does not support his contention with citation to relevant authority. The issue is waived.

Affirmed.

CHEZEM, J., concurs.

BARTEAU, J., dissents with separate opinion.

---

1. The actual reason for Stivers' reliance on *Smith* is his desire to have us reweigh the conflicting evidence pertaining to the reason for Stevens' discharge. We will not do so.

2. Stivers also contends the amount of the damages is excessive. In order to prevail in this argument, he was required to prove the jury was motivated by prejudice, passion, partiality, or corruption, or considered some improper element. *See, Lazarus Department Store v. Sutherlin* (1989), Ind.App., 544 N.E.2d 513, 525, *reh. denied, trans. denied.*

Stivers' argument on this issue is a restatement of his argument on the sufficiency of the evidence. Since we find the damage award was supported by sufficient evidence, it necessarily follows he has failed to show the damage award was excessive.

BARTEAU, Judge.

I respectfully dissent. Stevens had two periods of employment with Stivers, May 1975 to August 1977 and November 1986 to January 1987. Both times she was an at will employee. She called two witnesses who had worked with her at Stivers' office during her first period of employment. These witnesses testified favorably concerning Stevens' job performance. Stivers was prevented from presenting the testimony of Francis Feeney, Jr. Feeney employed Stevens approximately eight months after her discharge from Stivers' employ. Stivers preserved Feeney's proposed testimony through an offer to prove. Feeney would have testified that he fired Stevens for poor job performance. The decision to withhold this testimony from the jury was error. Stivers was entitled to rebut the inference raised by Stevens that her job performance was always satisfactory. Stevens' employment with Feeney occurred eight months after her discharge by Stivers. Her previous employment with Stivers was nine years earlier. Her job performance while employed by Feeney, due to the proximity in time, was of greater relevance than her job performance with Stivers eight years earlier and as such should have been admitted.

Feeney would have further testified that after he fired Stevens for poor job performance, she filed a workman's compensation action and a retaliatory discharge action against him. It was also error to exclude this testimony. This case boiled down to a question of credibility. Stevens maintained she was fired in anticipation of her filing a workman's compensation claim. Stivers maintained that he was unaware of any health problems afflicting Stevens and that she was discharged for unsatisfactory job performance. Certainly relevant to her credibility on this issue is a pattern of filing claims against employers upon discharge for unsatisfactory job performance. Feeney's testimony went directly to the issue of Stevens' credibility and should have been permitted. I would reverse and remand for a new trial.

1. This case was diverted to this office by order

ON PETITION FOR REHEARING

CONOVER, J.

Stivers now petitions for rehearing and contends this court erred in deciding issues one, three, and five of Stivers' original appeal, we disagree with his contentions. However, we address original issue five below.

■ Stevens called two witnesses who testified regarding her first period of employment with Stivers. Stivers did not object to this testimony. Later, Stivers attempted to call a witness to testify regarding Stevens' employment record subsequent to her dismissal from Stivers' firm. Stevens objected on the basis of relevance and her objection was sustained. Stivers contends the trial court's ruling on Stevens' objection was unfair. However, any imbalance in evidence was occasioned by Stivers' failure to object to the relevance of Stevens' witnesses, not by the trial court's ruling on Stevens' objections. The trial court committed no error in its ruling.

Stivers other issues were adequately addressed in our earlier opinion.

Rehearing denied. Stevens' motion for damages and costs is also denied.

CHEZEM, J., concurs.

BARTEAU, J., dissents without opinion.