Terry MALONE, Plaintiff–Appellant,

v.

WAL–MART STORES, INC., Defendant–Appellee.

No. 01–1401.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 2, 2001 *.

Decided Oct. 11, 2001.

Before POSNER, EASTERBROOK, EVANS, Circuit Judges.

## ORDER

Terry Malone filed this action in Indiana state court alleging that Wal–Mart Stores, Inc. fired him in retaliation for filing a worker's compensation claim. Wal–Mart removed the case to federal court under 28 U.S.C. § 1332 and § 1441(a). The district court granted summary judgment in favor of Wal–Mart because Malone presented no direct or indirect evidence of retaliatory discharge. Malone appeals, arguing that he presented evidence from which a court could draw an inference of retaliation. We affirm the judgment of the district court.

## BACKGROUND

This case arises out of Wal–Mart's September 1997 discharge of Malone for a variety of disciplinary infractions, including absenteeism, tardiness, rudeness to coworkers, and poor performance. Wal–Mart had hired Malone to work as a technician in an Indiana optical lab in May 1994. Malone's disciplinary problems began in 1996. On February 6, Malone received a performance review that criticized him for being rude to coworkers. Wal–Mart supervisors warned him throughout the year about using profanity toward coworkers, failing to come to work, socializing excessively, and misusing a machine that grinds eyeglass lenses.

Malone injured his wrist and shoulder in January 1997. On January 30, Malone told the store's personnel director, Jane Jent, about the injuries. Jent referred him for medical treatment, for which doc-

* The parties waived oral argument in this appeal. Accordingly, this appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

tors recommended physical therapy. Although Wal–Mart's worker's compensation program covered the medical care for Malone's injuries, he applied for an Adjustment of Claim with Indiana's Worker's Compensation Board on May 5.

Meanwhile Malone continued to accumulate disciplinary warnings at work. In the first half of 1997, supervisors warned Malone about unexcused absences and incorrect machinery use. On March 13 Malone received a one-day suspension for his infractions.

Malone's injuries necessitated further treatment. Malone received carpal tunnel surgery on his right wrist in July 1997. He resumed work subject to a restriction from performing right-handed work, which a doctor lifted on August 5. In September, Malone suffered another injury, this time to his neck.

Through the fall of 1997, Malone continued to have disciplinary problems. On September 9, he received a written warning to be a team player and to be respectful. On September 12, Malone received a second one-day suspension because of an unexcused absence. Two Wal–Mart supervisors met with Malone on September 15 to prepare a "performance improvement plan." At the meeting they told Malone that he would be fired if he accrued any more unexcused absences within the next year, and they further discussed other issues such as working inefficiently and cooperating with coworkers.

On September 29 Malone reinjured his right shoulder and both wrists. The source of the injury is unclear, but Malone later reported that his shoulder hurt and that both wrists were "throbbing."

That same day Wal–Mart supervisor Dalene Soladine fired Malone. Malone's exit interview form from that day does not state a reason for the firing, and Malone left the lab without receiving a reason. In an affidavit, however, Soladine stated that she fired Malone because he did not follow his performance-improvement plan; had been outside his work area on September 29; had worked inefficiently; and had recently been uncooperative. Another supervisor wrote a disciplinary report that day corroborating Soladine's statement.

Despite having just been fired by Wal–Mart, Malone the next day reported his neck pain to Jent. She referred Malone for medical treatment, to which he was entitled under Wal–Mart's worker's compensation plan. Wal–Mart's compensation plan also covered Malone's doctor visit for his injury of September 29.

## DISCUSSION

Malone argues on appeal that Wal–Mart fired him because he filed a worker's compensation claim or because Wal–Mart believed that he might in the future file additional worker's compensation claims for work-related injuries.

Malone's action is rooted in Indiana law, which recognizes a cause of action for retaliatory discharge after an employee files a worker's compensation claim or clearly states an intent to file a claim. *See Stivers v. Stevens,* 581 N.E.2d 1253, 1254 (Ind.Ct. App.1991). That cause of action, however, is a narrow public policy exception to Indiana's general rule of at-will employment. *Frampton v. Cent. Ind. Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973). Courts have narrowly construed the *Frampton* exception and are "disinclined to adopt broad and ill-defined exceptions to [it]." *Orr v. Westminster Village North, Inc.,* 689 N.E.2d 712, 717 (Ind. 1997)).

To survive a motion for summary judgment in *Frampton* cases, plaintiffs must produce direct or indirect evidence supporting an inference that they were fired

for either filing a worker's compensation claim or clearly stating an intent to file a claim. *See Stivers,* 581 N.E.2d at 1254. Examples of indirect proof include "(1) proximity in time between the two acts, and (2) an employer's proffered reason for termination which is patently inconsistent with the evidence before the court." *See Markley Enters., Inc., v. Grover,* 716 N.E.2d 559, 565 (Ind.Ct.App.1999). Merely showing the filing of a claim and a subsequent discharge is not enough to survive summary judgment. *Id.*

■ Malone's first argument is that Wal–Mart fired him for filing a worker's compensation claim on May 5, 1997. Malone has not shown sufficient proximity in time to create an inference of causation. *See Markley,* 716 N.E.2d at 565. Under Indiana law, a gap of one year between filing a claim and discharge precludes an inference of causation, *see Mack v. Great Dane Trailers,* 2000 WL 33309746, at *3 (S.D.Ind. Aug.9, 2000), while a gap of six months does not, *see Markley,* 716 N.E.2d at 565. The four-month span between Malone claim of May 5, 1997 and his discharge on September 29, 1997 does not therefore preclude an inference of retaliation. Still, without any other evidence to support his claim, such proximity in time alone does not create a genuine issue of material fact.

An inference that Wal–Mart fired Malone for filing a worker's compensation claim might also arise if Wal–Mart's stated reasons for firing him were patently inconsistent with the evidence before the court. *See Markley,* 716 N.E.2d at 565. But this is not the case here. An affidavit and a disciplinary report prepared by Wal–Mart supervisors state that Malone was fired for being outside his work area, working inefficiently, and refusing to cooperate with coworkers. Wal–Mart's stated reasons for firing Malone tracked his history of disciplinary warnings about absenteeism, tardiness, rudeness to coworkers, and poor performance. Malone has shown no evidence of retaliation.

■ Malone's second argument on appeal is that Wal–Mart fired him because it believed that the work-related injuries Malone incurred in January and September 1997 might lead to costly future worker's compensation claims and treatment. Malone did not raise this argument in the district court and has therefore waived it. Even so, his argument that he was fired for possible future claims is not actionable under Indiana law. The *Frampton* exception requires that a plaintiff have already filed a worker's compensation claim or stated an intent to do so. *See Stivers,* 581 N.E.2d at 1254–55. Malone does not argue that he ever stated an intent to file future worker's compensation claims; he argues merely that Wal–Mart knew he might do so. Such an argument is speculative and does not fall within the *Frampton* exception.

## CONCLUSION

At best Malone has shown only that he filed a worker's compensation claim and that he was fired sometime afterwards. Merely showing the general proximity in time of those two events is insufficient to withstand summary judgment. Thus, the district court's summary judgment is AFFIRMED.